IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENE GARIBAY-ROBLEDO, | § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:25-cv-2461-L-BN |
| KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, ET AL., | § § § § § | |
| Respondents. | § § | |

## **MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Petitioner Rene Garibay-Robledo, currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Bluebonnet Detention Center, filed with the assistance of counsel and in the Dallas Division of this district an application for a writ of habeas corpus under 28 U.S.C. § 2241 and request for temporary restraining order and injunctive relief. *See* Dkt. No. 1.

Petitioner paid the applicable filing fee. And United States District Judge Sam A. Lindsay referred this matter to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Petitioner asserts that "[v]enue is proper in this District, and in the Dallas Division, because Petitioner is detained at the Bluebonnet Detention Center in Anson, Texas, within this Court's jurisdiction, and Petitioner's detention is controlled by the Dallas Field Office of ICE – Enforcement and Removal Operations." Dkt. No. 1, ¶ 6.

As to venue, while Anson, Texas is in the Northern District of Texas, it is also

within Jones County, which is in the Abilene Division of this district. *See* 28 U.S.C. § 124(a)(3).

"In general, '[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the [petitioner] is confined.'" *Dada v. Witte*, Civ. A. No. 20-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020) (quoting *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001))).

And, "[i]n challenges to present physical confinement," the United States Supreme Court has "reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Padilla*, 542 U.S. at 439-40 (further noting that, "[i]f the 'legal control' test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition" but, "[a]s the statutory language, established practice, and our precedent demonstrate, that is not the case").

Petitioner cites no authority to support to show that it would be appropriate to not apply the established immediate-custodian rule to this case. And the undersigned's survey of recent immigration habeas cases, undertaken in a similarly postured action, revealed that "the immediate-custodian rule is alive and well." *Aguilar v. Johnson*, No. 3:25-cv-1904-K-BN, 2025 WL 2099201, at *1-*2 (N.D. Tex. July 25, 2025) (collecting cases).

And, like the petitioner in *Aguilar*, Petitioner fails to persuasively explain why

an exception should apply here. And, so, this case should be transferred to the division of this district where Petitioner is physically confined.

The Court may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also id.* § 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a).").

The Court may raise this issue *sua sponte. See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

Here, because, when this matter was filed, Petitioner was physically detained at an ICE facility in Jones County, in the Abilene Division of this judicial district – and because Petitioner has requested expedited temporary injunctive relief – the Court will immediately transfer this habeas action to that division of the Northern District of Texas under Sections 1406(a) and 1631.

SO ORDERED.

DATED: September 12, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE