UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| RENE GARIBAY-ROBLEDO,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>    Defendants. | No. 1:25-CV-177-H |

# ORDER

Before the Court is Garibay-Robledo's Original Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Request for Temporary Restraining Order (TRO) and Injunctive Relief to compel the defendants to provide him an individualized bond hearing. Dkt. No. 1. For the reasons explained below, Garibay-Robledo's request for a TRO and preliminary injunction is denied.

## 1.    Background

Rene Garibay-Robledo is a Mexican national who illegally entered the United States in 1994. Dkt. No. 1 at 3–4. In August 2025, the Department of Homeland Security (DHS) initiated removal proceedings against Garibay-Robledo for being unlawfully present in the United States. *Id.* at 4. He is currently detained by U.S. Immigration and Customs Enforcement. *Id.* at 1.

In early September 2025, an Immigration Judge denied Garibay-Robledo's request for bond, citing a lack of jurisdiction. *Id.* Garibay-Robledo seeks habeas relief from this Court "to compel [a bond] hearing, or release, and further seeks a [TRO] and preliminary injunction ordering Respondents to provide such relief without delay." *Id.* at 2.

**2.     Legal Standards**

Federal Rule of Civil Procedure 65 governs the issuance of injunctions and TROs. Rule 65(a)(1) provides that "[t]he [C]ourt may issue a preliminary injunction only on notice to the adverse party." Under Rule 65(b), however, the Court may issue a TRO without notice if the moving party satisfies two requirements. First, the moving party must present "specific facts in an affidavit or a verified complaint" clearly demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the moving party's attorney must certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Additionally, a party seeking both a TRO and preliminary injunctive relief must satisfy the four-factor standard for obtaining a preliminary injunction. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021). That standard requires the party seeking relief to establish (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013). "[I]f a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (explaining that "[t]he party seeking such relief must satisfy a cumulative burden of proving each of the four elements").

**3.     Discussion**

Garibay-Robledo fails to show whether he has given the defendants any notice of his request for an order "requiring . . . a [detention] hearing" or "immediate release," as is required for a preliminary injunction.  Dkt. No. 1 at 14; *see also* Fed. R. Civ. P. 65(a)(1) ("[T]he [C]ourt may issue a preliminary injunction only on notice to the adverse party.").  He also fails to satisfy either of the requirements under Rule 65(b)(1) and therefore fails to demonstrate entitlement to a TRO.  Although Garibay-Robledo has filed the required verified complaint, *see* Dkt. No. 1 at 16, he has not presented sufficiently specific facts to "clearly show that immediate and irreparable injury, loss, or damage will result" before the defendants can be heard.  Fed. R. Civ. P. 65(b)(1)(A); *see* Dkt. No. 1 at 12.  Further, Garibay-Robledo has also failed to provide the required written certification of "any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).

Finally, even if Garibay-Robledo had met the requirements of Rule 65, the Court still could not issue a TRO or preliminary injunction because he fails to provide evidence that he has a substantial likelihood of success on the merits.  The Court notes that the central authority on which Garibay-Robledo relies, *Cardenas v. United States*, 826 F.3d 1164 (9th Cir. 2016), is not "binding Fifth Circuit precedent" as he suggests, Dkt. No. 1 at 7, nor does it stand for the proposition that "noncitizens detained under [the INA] are entitled to individualized bond hearings."  *Id.* at 2.  Rather, the second paragraph of *Cardenas* states that "[t]he critical issue on appeal is the standard of judicial review applicable to the . . . denial" of the plaintiff's visa.  826 F.3d at 1167.

Moreover, Garibay-Robledo urges the Court to follow this "binding" precedent over recent Board of Immigration Appeals precedents, which cut against his position. Dkt. No. 1 at 1–2, 5–7, 10–12; *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025); *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Because *Cardenas* is entirely inapposite here, the Court must decline this invitation. Garibay-Robledo therefore fails to demonstrate a substantial likelihood of success on the merits, which is fatal to his request for a TRO and preliminary injunction. *See Clark*, 812 F.2d at 993.

**4.   Conclusion**

Garibay-Robledo has failed to meet the requirements of Rule 65 and to carry his burden as to the first element needed to obtain both a TRO and a preliminary injunction. His request for such relief is therefore denied, and his habeas petition (Dkt. No. 1) remains pending.

So ordered on September 15, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE