UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| RENE GARIBAY-ROBLEDO, <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Respondents. | No. 1:25-CV-177-H |

### ORDER TO SHOW CAUSE

On September 11, 2025, the petitioner filed a combined petition for a writ of habeas corpus and request for temporary restraining order and injunctive relief. Dkt. No. 1. Four days later, the Court denied the TRO request, finding that it failed to comply with the requirements of Federal Rule of Civil Procedure 65. Dkt. No. 5 at 3. The Court noted that "the central authority on which [the petition] relie[d], *Cardenas v. United States*, 826 F.3d 1164 (9th Cir. 2016), is not 'binding Fifth Circuit precedent' as he suggests . . . nor does it stand for the proposition that 'noncitizens detained under [the INA] are entitled to individualized bond hearings.'" *Id.* (quoting Dkt. No. 1 at 7, 2) (alteration in original). Rather, the *Cardenas* opinion tells the reader in its second paragraph that "[t]he critical issue on appeal is the standard of judicial review applicable to the . . . denial" of the plaintiff's visa. *Id.* (quoting 826 F.3d at 1167) (alteration in original). Indeed, the petition misrepresented the holding of *Cardenas* not just once—but *eleven* times throughout the petition. *See* Dkt. No. 1.

The petitioner's counsel, John M. Bray, then moved the Court to reconsider the TRO request (Dkt. No. 8), abandoning his reliance on *Cardenas* without explanation. The

Court denied the motion, finding that the motion failed to prove a substantial likelihood of success on the merits.  Dkt. No. 9 at 4.

Now before the Court is the petitioner's reply brief.  Dkt. No. 13.  There, Bray discloses that he "utilized generative artificial intelligence in the preparation of [the brief]." *Id.* at 2.  But he assures the Court that he "independently cross-checked and verified the accuracy of all legal authorities, citations, facts, and arguments" and that "[n]o unpublished, non-existent, or unverifiable authorities were generated or relied upon."  *Id.* at 2.  That does not appear to be the case.

The reply brief bases part of its argument on *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019), claiming that the case "holds that once DHS has placed a noncitizen into § 240 removal proceedings—even if the person initially arrived at the border—the agency's detention authority is governed by" the INA's discretionary-detention provision.  *Id.* at 13.  Indeed, the reply brief states that *Matter of M-S-* "makes clear that the initiation of § 240 proceedings is the statutory pivot point" and offers the following quote, purportedly from page 510 of the decision: "Once DHS chooses to place an alien into full removal proceedings under section 240, detention is governed by section 236 [§ 1226]."  *Id.*  It is a slam-dunk quotation if there ever was one.

But the case contains no such language.  Worse still, page 510 of *Matter of M-S-* offers precisely the opposite conclusion: "*The respondent here was transferred from expedited to full proceedings* after establishing a credible fear, and an immigration judge ordered his release on bond.  *Because the respondent is ineligible for bond under the [INA]*, I reverse the immigration judge's decision."  27 I&N Dec. 509, 510 (A.G. 2019) (emphasis added).  With such a chasm between the representation of the case and its actual holding, the Court struggles to

understand how—after "independently cross-check[ing] and verif[ying] the accuracy" of this filing, Dkt. No. 13 at 2—Bray could have made these assertions in good faith.

Bray's briefing before the Court thus raises multiple concerns about his compliance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and ethical rules for attorney conduct. Specifically, the above facts raise questions concerning whether (1) Bray's habeas petition falsely "certifie[d] that no part of the brief was prepared using generative artificial intelligence" by failing to include the required disclosure, *see* Loc. Civ. R. 7.2(f); and (2) Bray's reply brief falsely certified that he "independently cross-checked and verified" its accuracy, or, alternatively, knowingly presented a false quotation and other legal contentions not warranted by existing law or by a nonfrivolous extension or modification of law. *See* Fed. R. Civ. P. 11(b)(2). Finally, the Court questions whether Bray's conduct in this matter has fulfilled his duty to exercise candor toward the Court. *See* Tex. Disciplinary Rs. of Pro. Conduct 3.03.

Accordingly, no later than December 3, 2025, Bray shall file a response to this order explaining whether he violated Rule 11(b) and Local Rule 7.2(f), whether he complied with his duty of candor in filings in this case on September 11 (Dkt. No. 1) and November 17 (Dkt. No. 13), and explaining whether, if such violations occurred, he should be sanctioned. The Court may set the matter for a hearing at a later date.

So ordered on November 21, 2025.

*[signature]*
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE